IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS RUSSELL III, DARCEL RUSSELL and THOMAS RUSSELL II, on their own behalf and on behalf of their son, DARREN RUSSELL, a minor, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 10 C 525 |
| v. | ) ) | Judge George M. Marovich |
| CITY OF CHICAGO, OFFICER KATALINIC (Star #7187), OFFICER KASPER (Star #3019) OFFICER MOHAMMAD (Star #19999), OFFICER ANTONSEN (Star #19692), and SERGEANT MARTIN MURPHY, | ) ) ) ) ) ) | Magistrate Judge Sidney I. Schenkier Jury Demanded |
| Defendants. | ) | |

## MARTIN MURPHY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Sergeant Martin Murphy, through his attorney, Bhairav Radia, Assistant Corporation Counsel for the City of Chicago, answers Plaintiffs' Amended Complaint as follows:

### Introduction

1.  This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' Fourth Amendment rights as secured by the United States Constitution.

**ANSWER: Defendant Murphy admits that this action is brought pursuant to 42 U.S.C. Section 1983 but denies that he deprived Plaintiffs of their Fourth Amendment rights as secured by the United States Constitution.**

### Jurisdiction and Venue

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**ANSWER: Defendant Murphy admits that jurisdiction and venue are proper.**

## The Parties

3. Plaintiffs, Thomas and Darcel Russell, and their teenage sons Darren and Thomas Russell are residents of Chicago, Cook County, Illinois.

**ANSWER:** **Defendant Murphy lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

4. Defendant Officers Katalinic, Antonsen, Mohammad, and Kasper and Sergeant Murphy ("Defendant Officers") were at the time of this occurrence Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER:** **Defendant Murphy admits that he and Officers Katalinic, Antonsen, Mohammad, and Kasper were at all relevant times Chicago police officers and were acting within the scope of their employment as Chicago police officers and under color of law. Defendant Murphy further admits that Plaintiffs are suing him and Officers Katalinic, Antonsen, Mohammad, and Kasper in their individual capacities. Defendant Murphy denies engaging in the complained of conduct and denies all remaining allegations set forth in this paragraph.**

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of respondeat superior on the pendant State law claims.

**ANSWER:** **Defendant Murphy admits the allegations contained in this paragraph.**

## Background

6. On the evening of February 27, 2009, eighteen year-old Thomas Russell III and his brother, sixteen year-old Darren Russell, were at home in their second-floor apartment with their nine-year old black lab, Lady.

**ANSWER:** **Defendant Murphy admits that on the evening of February 27, 2009, Thomas Russell III and Darren Russell were in the second floor apartment with a dog. Defendant Murphy lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

7. Thomas heard a commotion coming from the first floor apartment. Shortly thereafter, Defendant Officers Katalinic, Kasper, Mohammad, and Antonsen arrived at his apartment's front door.

**ANSWER:** **Defendant Murphy admits that one or more of the Defendant Officers arrived at Thomas's second floor apartment's front door. Defendant Murphy was not present at the second floor at the time and therefore lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

8. Thomas opened the door to the officers and asked if he could put away his dog, who was very friendly and who would be coming into the front room at any moment.

**ANSWER:** **Defendant Murphy was not present on the second floor at the time and therefore lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

9. Officer Katalinic responded by putting a gun to Thomas' head, pushing Thomas to the floor, and handcuffing him.

**ANSWER:** **Defendant Murphy was not present at the second floor at the time and therefore lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

10. The Russell's dog, Lady, came into the front room with her tail wagging. Without hesitation, Officer Antonsen shot Lady in the head.

**ANSWER:** **Upon information and belief, Defendant Murphy admits that Officer Antonsen shot the dog. Defendant Murphy was not present on the second floor at the time**

**and therefore lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

11. Lady, who had been a part of the Russell family since she was a puppy, was instantly killed.

**ANSWER:  Defendant Murphy admits the dog died. Defendant Murphy was not present on the second floor at the time and therefore lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

12. When Darren - who had heard a gunshot, commotion and his brother crying – came out of his room, Defendants pointed a gun at his head and handcuffed him even though he had done nothing wrong.

**ANSWER:  Defendant Murphy was not present on the second floor at the time and lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

13. Thomas was arrested by Defendants Kasper, Mohammed and Murphy.  He was charged with obstruction of service of process even though he had done nothing to obstruct the officers.  The charge was resolved in a manner indicative of his innocence.

**ANSWER:  Defendant Murphy admits that Thomas was arrested by one or more of the individual defendants. Defendant Murphy admits that Thomas was charged with obstruction of service of process.  Defendant Murphy lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

14. The Defendant Officers entered and searched Plaintiffs' home pursuant to a search warrant obtained by Defendant Officer Kasper.  Officer Kasper knowingly used false and unreliable information in order to obtain a warrant to search Plaintiffs' home.

4

**ANSWER:** Defendant Murphy admits that Defendant Officers entered the Plaintiffs' home pursuant to a search warrant obtained by Defendant Officer Kasper. Defendant Murphy denies that he searched Plaintiffs' home, but admits that one or more of the defendant officers searched Plaintiffs' home. Defendant Murphy lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

### Count I - 42 U.S.C. § 1983
### Fourth Amendment - Excessive Force

15. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.

16. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

**ANSWER:** Defendant Murphy denies the allegations set forth in this paragraph.

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:** Defendant Murphy denies the allegations set forth in this paragraph.

18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

**ANSWER:** Defendant Murphy denies the allegations set forth in this paragraph.

19. As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiff suffered injuries including emotional anguish, pain, suffering, and the loss of their beloved dog, Lady.

**ANSWER:** Defendant Murphy denies the allegations set forth in this paragraph.

### Count II - 42 U.S.C. § 1983
### Fourth Amendment - Illegal Seizure

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** **Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.**

21. The seizure of Plaintiffs' dog, Lady, as detailed above, violated Plaintiffs' Fourth Amendment right to be free of unreasonable seizures.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

23. As a result of the Defendant Officers' illegal seizure, Plaintiffs suffered injury, including emotional anguish, pain, suffering, and the loss of their beloved dog, Lady.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

### Count III - 42 U.S.C. §1983
### Fourth Amendment – Illegal Search

24. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** **Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.**

25. The search of Plaintiffs' home was in violation of Plaintiffs' rights to be free of unreasonable searches under the Fourth Amendment to the Constitution of the United States.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

26. Officer Kasper knowingly used false and unreliable information in order to obtain a warrant to search Plaintiffs' home. He did so with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:** **Defendant Murphy lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

27. As a proximate result of the above-detailed actions of Defendants [sic] Officer Kasper, Plaintiffs suffered injury including, but not limited to emotional distress.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

## Count IV - 42 U.S.C. §1983
## Fourth Amendment – False Arrest

28. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** **Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.**

29. As described more fully in the preceding paragraphs, Defendants – acting under color of law – arrested Plaintiff Thomas Russell III.

**ANSWER:** **Defendant Murphy admits that Thomas Russell III was arrested by one or more of the individual defendants, who were acting at all relevant times under color of law. Defendant Murphy denies the remaining allegations in the paragraph.**

30. As described more fully in the preceding paragraphs, Defendants did not have probable cause to arrest Plaintiff.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

31. As a result of the Defendant Officers' false arrest of Thomas Russell III, Plaintiff suffered injury, including emotional distress.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

## Count V – 42 U.S.C. §1983
## Fourth Amendment – Failure to Intervene

32. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** **Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.**

33. As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the misconduct described in this Complaint.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

34. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered pain and injury, including emotional anguish, humiliation, fear, anxiety, the loss of their dog Lady, and the loss of Plaintiff Thomas Russell III's liberty, as is more fully described throughout this Complaint.

  **ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

### Count VI - State Law Claim
### Intentional Infliction of Emotional Distress

35. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

  **ANSWER:** **Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.**

36. As described in the preceding paragraphs, the misconduct of the Defendant Officers toward Plaintiffs was extreme and outrageous.

  **ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

37. Given the nature of the misconduct, the Defendant Officers committed the misconduct with knowledge that their actions were likely to cause severe emotional distress to Plaintiff.

  **ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

38. As a direct and proximate cause of Defendant Ochoa's misconduct, Plaintiffs have suffered severe emotional distress, including emotional anguish, humiliation, fear, and anxiety.

  **ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

### Count VII – State Law Claim
### Malicious Prosecution

39. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

  **ANSWER:** **Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.**

40. By the actions detailed above, the Defendant Officers sought to and in fact did maliciously prosecute Plaintiff Thomas Russell III on false charges for which they knew there was no probable cause.

  **ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

41. As a direct and proximate result of this malicious prosecution, Plaintiff Thomas Russell III suffered injury, including the loss of liberty, emotional anguish, and humiliation.

  **ANSWER:** **Defendont Murphy denies the allegations set forth in this paragraph.**

8

### Count VIII – State Law Claim
### Assault

42. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** **Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.**

43. The above-detailed conduct by the Defendant Officers, including pointing their weapons at the heads [sic] Plaintiffs Darren Thomas and Russell Thomas III, was done with the intent to cause Plaintiffs apprehension of imminent bodily harm.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

44. The above-detailed conduct by the Defendant Officers did cause Plaintiffs apprehension of bodily harm.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

45. As a result of the Defendant Officers' conduct, Plaintiffs suffered injury, including emotional anguish, anxiety, and fear.

**ANSWER:** **Defendant Murphy denies the allegations set forth in this paragraph.**

### Count IX – State Law Claim
### Indemnification – 745 ILCS 10/9-102

46. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** **Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.**

47. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

**ANSWER:** **Defendant Murphy admits that at all relevant times the Defendant Officers were employed by the City of Chicago. Defendant Murphy denies engaging in the wrongful conduct as set forth by Plaintiffs' allegations and denies all remaining allegations set forth in this paragraph.**

48. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

**ANSWER:** Defendant Murphy admits that at all relevant times the Defendant Officers were acting under color of law and within the scope of their employment as employees of the City of Chicago. Defendant Murphy denies engaging in the wrongful conduct as set forth by Plaintiffs' allegations and denies all remaining allegations set forth in this paragraph.

### Count X – State Law Claim
### Respondeat Superior

49. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** Defendant Murphy reasserts and incorporates his answers to the preceding paragraph here.

50. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

**ANSWER:** Defendant Murphy admits that at all relevant times the Defendant Officers were employed by and acting as agents of the City of Chicago. Defendant Murphy denies engaging in the wrongful conduct as set forth by Plaintiffs' allegations and denies all remaining allegations set forth in this paragraph.

51. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:** Defendant Murphy denies the allegations set forth in this paragraph.

### AFFIRMATIVE DEFENSES

1. Defendant Murphy is entitled to qualified immunity. He is a governmental official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Murphy could have believed his/her actions to be lawful, in light of clearly established law and the information Defendant Murphy possessed.

2. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendant Murphy is not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2004).

3. Under Section 202 of the Tort Immunity Act, Defendant Murphy is not liable for injuries claimed in Plaintiffs' state law claim because, as a public employee, he is not liable for acts or omissions in the execution or enforcement of the law unless his conduct constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2004). Defendant Murphy was engaged in the execution and enforcement of the law and his conduct was not willful and wanton.

4. Under Section 204 of the Tort Immunity Act, Defendant Murphy is not liable for the injuries claimed under Plaintiffs' state law claim because he is not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2004).

5. Under Section 208 of the Tort Immunity Act, Defendant Murphy is not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208 (2004).

6. Any award of damages against Defendant Murphy shall be reduced in proportion to the comparative fault of Plaintiffs' own acts or omissions, including but not limited to Plaintiffs' own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, at the time of the actions alleged in Plaintiffs' Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces a plaintiffs' recovery according to his/her contributory negligence and bars his/her recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

7. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that

11

Plaintiffs had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

## JURY DEMAND

Defendant Murphy requests a trial by jury on all claims.

November 2, 2010                                Respectfully submitted,

                                                Martin Murphy

                                                By: /s/ *Bhairav Radia*
                                                        Bhairav Radia
                                                Assistant Corporation Counsel
                                                *Attorney for Martin Murphy*

                                                City of Chicago Department of Law
                                                30 N. LaSalle Street, Suite 900
                                                Chicago, Illinois 60602
                                                T: (312) 744-5106
                                                F: (312) 744-6566
                                                ARDC # 6293600

## **CERTIFICATE OF SERVICE**

I, Bhairav Radia, hereby certify that on November 2, 2010, I caused a copy of the foregoing Martin Murphy's Answer to Plaintiffs' Amended Complaint to be served upon all counsel of record by filing the same before the Court via the Court's ECF system.

/s/ *Bhairav Radia*
Bhairav Radia