**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS RUSSELL III, et al., | No. 10 C 0525 |
| Plaintiffs, | |
| | Judge George M. Marovich |
| v. | |
| | Magistrate Judge Sidney I. Schenkier |
| CITY OF CHICAGO, et al., | |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFFS' SEVENTH MOTION *IN LIMINE* TO BAR
REFERENCE TO DEFENDANT OFFICERS' DOG OWNERSHIP**

NOW COME Plaintiffs, THOMAS RUSSELL III, DARREN RUSSELL, THOMAS RUSSELL II and DARCEL RUSSELL, by their counsel, Smith, Johnson & Antholt LLC, moving *in limine* to bar reference to the Defendant Officers' dog ownership. In support thereof, Plaintiffs state as follows:

The central issue in this case is the shooting of Plaintiffs' nine-year-old dog, a black Labrador. When Officers Katalinic demanded entrance into Plaintiffs' home, Thomas Russell III asked for permission to put his dog away. Officer Katalinic ignored him and pushed his way into the apartment. He was followed close behind by Officer Antonsen. As they entered, the dog came to see who was at the front door and was promptly shot and killed by Officer Antonsen. Defendants contend that the shooting was justified; Plaintiffs disagree.

To determine whether the shooting was reasonable under the Fourth Amendment the jury will look to the circumstances that the officers faced at that moment in time, and no others. *See* Ex. A to Pre-Trial Order, Agreed Jury Instruction No. 23. The parties have agreed that the jury will be specifically instructed, "[i]n deciding whether a Defendant's … shooting of the dog was unreasonable, you must not consider whether that Defendant's intentions were good or bad." *Id.*

The Fourth Amendment's objective standard ensures that instances of police misconduct cannot later be justified as lawful based on the officer's subjective beliefs about the interaction. The Fourth Amendment holds police officers to an objective standard and the Defendant Officers must be held to this standard. That several of the Defendants, including Officer Antonsen, have dogs, or have had dogs in the past, is not probative of these issues, but is unfairly prejudicial and misleading. Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Fed. R. Evid. 403 ("[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury").

Defendant Officers' dog ownership in their personal lives is not part of the objective circumstances that they faced on February 27, 2009. By seeking to testify about their experiences with dogs in their personal lives, Defendants are improperly asking the jury to consider their subjective motivations. *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872 (1989) ("An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."). Defendant Antonsen in particular has owned numerous dogs, including approximately ten Labradors. Any effort by Defendants to insert their pets into this case would be highly improper as it could easily mislead the jury to consider their personal motivations.

WHEREFORE Plaintiffs respectfully request that this honorable Court enter an order barring reference to Defendant Officers' dog ownership.

RESPECTFULLY SUBMITTED,


/s/ Amanda Antholt
One of the Attorneys for Plaintiffs


Amanda Antholt
Christopher R. Smith
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400