**FILED**

AUG 1 8 2011

AUG 18 2011

**JUDGE GEORGE M. MAROVICH**

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THOMAS RUSSELL III, DARCELL
RUSSELL and THOMAS RUSSELL II,
on their own behalf and on behalf of
their son DARREN RUSSELL, a minor,

      Plaintiffs,

      v.

CITY OF CHICAGO, OFFICER KATALINIC,
OFFICER KASPER, OFFICER
MOHAMMAD,OFFICER ANTONSEN,
and SERGEANT MARTIN MURPHY,

      Defendants.

No. 10 CV 0525

Judge George M. Marovich

Magistrate Judge Sidney I. Schenkier

## JURY INSTRUCTIONS

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Agreed Jury Instructions No. 2**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.01_

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Agreed Jury Instruction No. 9**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.13*

11

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case one of the defendants is a municipal corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Seventh Circuit Pattern Instruction 1.03
_____X_____Given
_____Rejected
_____Withdrawn
_____Objected to

3

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Plaintiffs' Proposed Jury Instructions No. 3**

\_\_\_X\_\_\_\_ Given (with modification)

_____ Rejected

_____Withdrawn

\_\_\_X\_\_\_ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.06*

5

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Agreed Jury Instructions No. 4**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.07_

## CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Agreed Jury Instruction No. 5**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.08*

7

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Agreed Jury Instructions No. 7**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.11_

9

## DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Agreed Jury Instructions No. 8**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.12*

10

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider the statements given by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Agreed Jury Instruction No. 10**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.14*

12

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

**Agreed Jury Instructions No. 11**

_____ Given

_____ Rejected

_____Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.16*

13

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Agreed Jury Instructions No. 12**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.17_

14

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and materials mentioned during this trial.

**Agreed Jury Instructions No. 13**

_____ Given

_____ Rejected

_____Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.18*

## MULTIPLE CLAIMS;
## MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are four defendants, it does not follow that if one is liable, any of the others is also liable. Although there are four plaintiffs, it does not follow that if one is successful, the others are, too.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

**Agreed Jury Instruction No. 16**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.25*

17

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Agreed Jury Instructions No. 17**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.27.*

18

## ISSUES

Plaintiffs bring five claims.

First, all Plaintiffs claim that Defendant Richard Antonsen violated their right to be free of unreasonable seizures by shooting their family dog in violation of the Fourth Amendment to the United States Constitution.

Second, Plaintiffs Thomas and Darren Russell claim that Defendants Christopher Katalinic and Richard Antonsen used excessive force against them in violation of the Fourth Amendment of the United States Constitution.

Third, Plaintiff Thomas Russell III claims that Defendants Christopher Katalinic, Daniel Kasper and Martin Murphy falsely arrested him.

Fourth, Plaintiff Thomas Russell III claims that Defendants Christopher Katalinic, Daniel Kasper and Martin Murphy maliciously prosecuted him for a crime that he did not commit.

Fifth, Plaintiffs claim that Defendants intentionally inflicted emotional distress against them.

The Defendants deny these claims.

**Agreed Jury Instructions No. 18 (revised)**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

19

## FOURTH AMENDMENT – UNREASONABLE SEIZURE- ELEMENTS

Plaintiffs claim that Defendant Antonsen unreasonably shot their dog. To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1.      Defendant Antonsen's shooting of the dog was unreasonable; and

2.      Because of the unreasonable seizure, the Plaintiffs were harmed.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you should find for Plaintiffs and against Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have not proved any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages for Plaintiffs.

**Agreed Jury Instruction No. 21**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.08 modified; Viilo v. Eyre, 547 F.3d 707, 710 (7th Cir. 2008).*

20

## FOURTH AMENDMENT – EXCESSIVE FORCE – ELEMENTS

Plaintiffs Thomas and Darren Russell claim that Defendants Katalinic and Antonsen used excessive force against them. To succeed on this claim, Plaintiffs must prove each of the following by a preponderance of the evidence:

1.  Defendants Katalinic and/or Antonsen used unreasonable force against Plaintiffs Thomas and Darren Russell; and

2.  Because of Defendants' unreasonable force, Plaintiffs were harmed.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence against either of the Defendants, then you should find for Plaintiffs and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence against either of the Defendants, then you should find for Defendants, and you will not consider the question of damages.

**Agreed Jury Instructions No. 22**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.08 (modified)*

21

## FOURTH AMENDMENT – EXCESSIVE FORCE & SEIZURE
## DEFINITION OF "UNREASONABLE"

You must decide whether Defendants' use of force and shooting of the dog was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendants faced. You must make this decision based on what the officers knew at the time of the search of Plaintiffs' home, not based on what you know now. In deciding whether a Defendant's use of force or shooting of the dog was unreasonable, you must not consider whether that Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

**Agreed Jury Instructions No. 23**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.09*

22

In executing a search warrant officers may take reasonable action to secure the premises and to ensure their own safety and the effectiveness of the search. During the execution of a search warrant, a police officer may handcuff an occupant of the residence for safety reasons.

**Defendants' Proposed Jury Instruction No. 4**
__X____ Given (as modified)
_____ Rejected
_____ Withdrawn
___X__ Objected to

*Source: Michigan v. Summers*, 425 U.S. 692, 705 (1981); *Los Angeles County, CA, et al. v. Rettele, et al.*, 550 U.S. 609, 614 (2007); *Burns v. Loranger*, 907 F.2d 233 (1st Cir. 1990); *U.S. v. Pace*, 646 F.2d 1218 (7th Cir. 1990).

23

## FOURTH AMENDMENT: FALSE ARREST - ELEMENTS

Plaintiff Thomas Russell III claims that the Defendants Katalinic, Kasper, or Murphy falsely arrested him. To succeed on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

1.  Defendants Katalinic, Kasper, and/or Murphy arrested Plaintiff Thomas Russell III; and

2.  Defendants did not have probable cause to arrest Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against any one of these Defendants, then you should find for Plaintiff and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against any of these Defendants, then you should find for Defendants, and you will not consider the question of damages.

**Agreed Jury Instruction No. 24**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.05 (modified)*

24

## DEFINITION OF "PROBABLE CAUSE" FOR FALSE ARREST

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what the Defendant knew and what reasonably trustworthy information the Defendant had received.

It is not necessary that Defendant had probable cause to arrest Plaintiff for obstructing service of process, so long as Defendant had probable cause to arrest him for some criminal offense.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was later acquitted of the charge of obstructing service of process does not by itself mean that there was no probable cause at the time of his arrest.

**Agreed Jury Instruction No. 25**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.06*

25

## ILLINOIS LAW-CRIMINAL STATUTES AT ISSUES

**1.    OBSTRUCTING SERVICE OF PROCESS**

Under Illinois law, a person commits the criminal offense of obstructing service of process when he knowingly resists or obstructs the authorized service or execution of any civil or criminal process or order of any court.

**2.    RESISTING/OBSTRUCTING A PEACE OFFICER**

Under Illinois law, a person commits the criminal offense of resisting or obstructing a peace officer when he knowingly resists or obstructs the performance by one known to be a peace officer of any authorized act within his official capacity.

**3.    BATTERY TO A POLICE OFFICER**

Under Illinois law, person commits battery if he knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

**Agreed Jury Instructions No. 26**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: 720 ILCS 5/31-3; 720 ILCS 5/31-1(a); 720 ILCS 5/12-3*

26

## GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiffs must prove by a preponderance of the evidence that Defendants Kasper, Katalinic, Antonsen, and Murphy were personally involved in the conduct that Plaintiffs complain about. You may not hold one defendant liable for what other defendants or officers did or did not do with respect to Plaintiffs' unreasonable search, unreasonable seizure, excessive force, false arrest, malicious prosecution claims, and intentional infliction of emotional distress claims.

**Defendants' Proposed Jury Instruction No. 6**
___X___ Given
_____ Rejected
_____ Withdrawn
___X__ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.02* (modified)

27

## ILLINOIS LAW - MALICIOUS PROSECUTION

Plaintiff Thomas Russell III claims that Defendants Daniel Kasper, Christopher Katalinic, and Martin Murphy maliciously prosecuted him. To succeed on this claim against a Defendant, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendant caused a criminal proceeding to be commenced or continued against Plaintiff; and,

2. The criminal proceeding was terminated in favor of Plaintiff in a manner indicating Plaintiff was innocent; and,

3. Defendant lacked probable cause to believe that Plaintiff committed the crime of obstructing service of process; and,

4. Defendant instituted the criminal proceedings against Plaintiff with malice; and

5. Plaintiff suffered damages.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against one or more of the Defendants, then you should find for Plaintiff and against that Defendant or those Defendants, and go on to consider the question of damages as to this claim.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendants and against the Plaintiff, and you will not consider the question of damages as to this claim.

**Defendants' Proposed Jury Instruction No. 7**
___X___ Given (with modification)
_____ Rejected
_____ Withdrawn
___X___ Objected to

*Source: Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238 (1996); *Ferguson v. City of Chicago*, 213 Ill.2d 94, 102, 820 N.E.2d 455 (2004); 745 ILCS 10/2-202 (2002)

29

## MALICIOUS PROSECUTION – PROBABLE CAUSE

In a malicious prosecution claim, probable cause is a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged.

It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, which is at issue.

**Plaintiffs' Proposed Jury Instructions No. 10**
_____X__ Given
_____ Rejected
_____Withdrawn
___x_____ Objected to

Source: _Rodgers v. Peoples Gas_, 315 Ill.App.3d 340, 348 (1st Dist. 2000)

## MALICE – DEFINITION

Let me explain what "malice" means for a claim of malicious prosecution. Malice is defined as the commencement or continuation of criminal proceedings for any reason other than to bring a party to justice. To find malice, you have to find that the person causing criminal charges to be brought or continued was motivated by improper motives. An improper motive for a prosecution is any reason other than to bring the party to justice.

**Agreed Jury Instruction No. 28**
\_\_\_\_ Given
\_\_\_\_ Rejected
\_\_\_\_ Withdrawn
\_\_\_\_ Objected to

Source: *Rodgers v. Peoples Gas,* 315 Ill.App.3d 340, 349 (1st Dist. 2000).

31

## PROXIMATE CAUSE

When I use the expression "proximate cause," I mean a cause which, in the natural and ordinary course of events, produced the Plaintiffs' injuries. It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury.

**Agreed Jury Instructions No. 29**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Illinois Pattern Jury Instruction 15.01*

32

## ILLINOIS LAW - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs claim that Defendants Daniel Kasper, Christopher Katalinic, Richard Antonsen, and Martin Murphy intentionally inflected emotional distress upon them. To succeed on this claim against a Defendant, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1.  Defendant's conduct was extreme and outrageous;

2.  Defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress;

3.  Defendant's conduct, in fact, caused severe emotional distress; and

4.  Defendant's conduct was the proximate cause of Plaintiffs' injury.

If you find that one or more of the Plaintiffs have proved each of these things by a preponderance of the evidence against any one of the Defendants, then you should find for that Plaintiff and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have not proved any one of these things by a preponderance of the evidence as to any Defendant, then you should find for Defendants, and you will not consider the question of damages for Plaintiffs.

**Agreed Jury Instruction No. 30**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

*Source: Doe v. Calumet City*, 161 Ill. 2d 374, 392 (1994).

## EXTREME AND OUTRAGEOUS – DEFINITION

Insults, indignities, threats, annoyances, petty oppressions or trivialities do not qualify as extreme and outrageous conduct.

**Defendants' Proposed Jury Instruction No. 9**
___X___ Given (with modification)
_____ Rejected
_____Withdrawn
___X__ Objected to

*Source: Doe v. Calumet City,*161 Ill. 2d 374, 392 (1994); *Kolegas v. Heftel Broadcasting Corporation,*154 Ill. 2d 1, 20-21 (1992); *McGrath v. Fahey,*126 Ill. 2d 78, 86 (1988); *Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 89-90 (1976).

34

## SEVERITY OF EMOTIONAL DISTRESS – DEFINITION

The emotional distress suffered must be severe.  In order to be "severe," the distress must be of such intensity and duration that no reasonable person could be expected to endure it.

**Defendants' Proposed Jury Instruction No. 10**
___X___ Given (with modification)
_____ Rejected
_____ Withdrawn
____X_ Objected to

*Source: Valentino v. Hilquist*, 337 Ill. App. 3d 461, 476 (1st Dist. 2003); *Sale v. Allstate Insurance Co.*,126 Ill. App. 3d 905, 924 (1st Dist. 1984); *Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 90 (1976).

35

## DAMAGES: PREFATORY INSTRUCTION

If you find that Plaintiffs have proved any of their claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiffs are entitled to recover.

If you find that Plaintiff has failed to prove all of their claims, then you will not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 12**
___X___ Given
_____ Rejected
_____Withdrawn
___X__ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.22*

36

**Indemnification**

You have heard evidence regarding the Defendant Officers' personal finances. This evidence is only to be considered with regard to any punitive damages award. It is not to be considered with regard to any compensatory damages award.

**Agreed Jury Instruction No. 31**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## COMPENSATORY DAMAGES

If you find in favor of Plaintiffs, then you must determine the amount of money that will fairly compensate Plaintiffs for any injury that you find they sustained and is reasonably certain to sustain in the future as a direct result of the false arrest, excessive force, illegal search and seizure, failure to intervene, malicious prosecution and/or intentional infliction of emotional distress. These are called "compensatory damages."

Plaintiffs must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical, mental, and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he or she has sustained.

**Plaintiffs' Proposed Jury Instructions No. 11**
___X___ Given
_____ Rejected
_____Withdrawn
___X__ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.23*

38

## PUNITIVE DAMAGES

If you find for one or more of the Plaintiffs and against one or more of the Defendants, you may, but are not required to, assess punitive damages against that Defendant or those Defendants. The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to that Defendant or those Defendants and others not to engage in similar conduct in the future.

Plaintiffs must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiffs. Conduct is in reckless disregard of Plaintiffs' rights if, under the circumstances, it reflects complete indifference to Plaintiffs' safety or rights.

If you find that punitive damages are appropriate against the Defendants, then you must use sound reason in setting the amount of those damages against each such Defendant. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on Plaintiff;

- the relationship between Plaintiffs and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

- the Defendant's financial condition.

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiffs suffered.

**Agreed Jury Instruction No. 32**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction No. 7.24*

## SELECTION OF PRESIDING JUROR;
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Verdict form has been prepared for you.

[Verdict form read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Agreed Jury Instructions No. 33**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.32_

40

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**Agreed Jury Instructions No. 34**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.33*

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Agreed Jury Instructions No. 35**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.34*

42